# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

Lyle W. Cayce
Clerk

No. 10-30135
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK ROBERTSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:09-CR-111-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederick Robertson appeals the 24-month sentence imposed following the revocation of his term of supervised release. He argues that the sentence, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceeds the guideline range of 8-14 months, is procedurally and substantively unreasonable.

This court has not yet determined what standard of review applies to sentences imposed on revocation of supervised release in the wake of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Jones*, 484 F.3d 783, 791-92 (5th Cir. 2007). Because, however, Robertson did not object to the sentence in the district court, and because he failed to raise there the specific claims of procedural error that he argues on appeal, review is for plain error only. *See id.*; *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

To show plain error, Robertson must first show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008). Robertson contends that the district court erred in basing its sentence on allegations that, in separate incidents, he assaulted his daughter and his girlfriend with a firearm and that the court erred by failing properly to explain its upward variance. Contrary to Robertson's argument, the allegations in question were not unsubstantiated.

The district court's finding that Robertson assaulted his daughter and his girlfriend with a handgun was based on the probation officer's testimony at the revocation hearing. To the extent that the probation officer's testimony was based on statements made by the victims, it may have been hearsay, but the court committed no procedural error by considering such evidence in determining Robertson's sentence. *See United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995). The testimony of Robertson's mother contradicted the probation officer's testimony regarding the altercation between Robertson and his daughter, but the court implicitly resolved the conflict in favor of the probation officer's testimony by finding that Robertson had committed the alleged violation. Because the factual determination was plausible in light of the entire record, it was not clearly erroneous. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

Robertson appears to contend that the district court's failure to explain its

upward variance from the guideline range, in terms of the sentencing factors of 18 U.S.C. § 3553(a), renders his sentence unreasonable.  But the court was not required to mention the § 3553(a) factors explicitly when pronouncing sentence. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

The court's consideration of the statutory factors, specifically § 3553(a)(1), the nature of the offense and the history and characteristics of the defendant, is implicit in the  court's discussion of the assaults, the lengthy criminal history, and the previous revocation of a term of supervised release.  Robertson has not shown error, plain or otherwise, with respect to the procedural aspects of his sentencing.

Robertson's argument that the sentence is substantively unreasonable is largely premised on his contention that it was error for the court to base its upward variance on the allegations regarding his assaults.  As the previous discussion illustrates, there was no reversible procedural error in the factual findings as to these allegations or in the court's consideration of the assaults in determining the sentence.

On revocation of supervised release, the district court may impose any sentence that falls within the statutory maximum term.  *See Whitelaw*, 580 F.3d at 264.  Revocation sentences exceeding the guideline range but not exceeding the statutory maximum have been upheld as a matter of routine against challenges that the sentences were substantively unreasonable.  *See id.* at 265.  Because the sentence does not exceed the statutory maximum, it is not plain error.  *See id.*

AFFIRMED.